UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT MICHAEL GOLDBERG, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:23-cv-00089-SEP |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is the application of self-represented Plaintiff Duncan Abraham Goldberg for leave to commence this 42 U.S.C. § 1983 action without prepayment of the required filing fee.[1] Based on the financial information provided, the application is granted. *See* 28 U.S.C. § 1915(a). On initial review, the Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(b).

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

---

[1] Only Duncan Abraham Goldberg has filed an application to proceed without prepaying fees and costs.

construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); s*ee also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## BACKGROUND

Robert Michael Goldberg and his three children, Esther Fiona Harrison, Angus Ephraim Goldberg, and Duncan Abraham Goldberg, filed this case against the State of Missouri, the City of St. Louis, the 22nd Circuit Court of the City of St. Louis, and Judge Robert Dierker.  This federal case arises out of a state court action for wrongful death, filed in the Circuit Court of St. Louis City in May 2016 by Robert Goldberg and his children, seeking damages for the loss of their wife and mother Dr. Barbara Sproston Goldberg.  *See Goldberg v. Borg Warner Morse Tec LLC, et al.*, No. 1622-CC01232 (St. Louis City Cir. Ct. 2016).  Plaintiffs claimed that Dr. Goldberg developed mesothelioma after exposure to asbestos fibers emanating from products manufactured, sold, or installed by 35 separate entities.

On May 15, 2022, Robert Goldberg died and was dismissed from the wrongful death case.  His children voluntarily dismissed the wrongful death case on September 19, 2022.  *Id.*

## THE COMPLAINT

On January 26, 2023, Plaintiffs Robert Michael Goldberg, Esther Fiona Harrison, Angus Ephraim Goldberg, and Duncan Abraham Goldberg filed suit in this Court alleging discriminatory treatment of Robert Goldberg in the wrongful death case of his wife.  Plaintiffs allege their father was discriminated against in the St. Louis City Circuit Court because of his brain injury.  Although Plaintiffs broadly and repeatedly allege "[s]tate-run systemic disability discrimination against people living with [b]rain [i]njury within Missouri," Plaintiffs point to no discriminatory acts that occurred in the state court.  Doc. [1] at 4.

Plaintiffs state that their lawsuit is based on violations of the following federal laws: "(1) Lilly Ledbetter Fair Pay Act of 2009; (2) The Older Americans Act of 1965; (3) The Rehabilitation Act of 1973; (4) The Americans with Disabilities Act of 1990; (5) The Americans

with Disabilities Amendment Act of 2009; (6) The Patient Protection and Affordable Care Act of 2010; (7) Rights of Equal Protection under the laws as written in the 14th Amendment of the U.S. Constitution; and (8) The Supremacy Clause of Federal Law over State Law as written in Article VI of the U.S. Constitution." Doc. [1] at 3.

Plaintiffs state that Robert Goldberg suffered from "Anoxic Brain Injury," which caused the St. Louis City Court to discriminate against him as a litigant.  Per the Complaint:

> In place of any accommodation for someone living with brain injury, Mr. Robert Michael Goldberg encountered systemic disability discrimination against people living with Brain Injury as maintained and enforced by Missouri across the breadth of the Judicial System of that state and the 22nd Circuit Court of the City of St. Louis therein and his family suffered by association from that endemic disability discrimination maintained by the aforementioned Missouri Public Entities and Parties.  This systemic disability discrimination the aforementioned Missouri Public Entities and personnel subjected Mr. Robert Michael Goldberg and his family to, denied him and his family by association, fair and all effective access to the courts and rule of law within their particular jurisdictions in flagrant non-compliance and complete and utter transgression of United States Federal Law to which these Missouri Public Entities and Parties are bound and required by the same laws to uphold and honor.

*Id*. at 5.  For relief, Plaintiffs seek $50 million in "financial compensation to match for our case that was denied us by the denial of access to the courts and fair rule of law in Missouri due to the systemic disability discrimination against people living with brain injury that the Defendants maintain and enforce in their jurisdictions." *Id.* at 8.

## DISCUSSION

On initial review, the Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), because it falls outside the statute of limitations period for bringing § 1983 suits.[2]  The United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011).  The five-year statute of limitations for personal injury actions found in Missouri Revised Statute § 516.120(4) applies to § 1983 actions arising in Missouri. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005).

---

[2] To the extent Plaintiffs seek relief under the Americans with Disabilities Act, that claim fails for failure to allege any discriminatory acts by Defendants.  Plaintiffs allege "systemic" and "endemic" disability discrimination "across the judicial system of Missouri and actually occur[ing] at every level therein." Doc. [1] at 5.  Such legal conclusions supported only by conclusory statements are not enough to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court may dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915 the statute of limitations has expired.  *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiffs complain of conduct occurring between July 2016 and early January 2017. Doc. [1] at 4-6.  The five-year limitations period expired between July 2021 and early January 2022.  Plaintiffs did not file their case until January 26, 2023, more than a year after the statute of limitations had expired; therefore it must be dismissed.  28 U.S.C. § 1915(e)(2)(B).

In addition, the Court notes that only Duncan Abraham Goldberg has filed an application to proceed without prepaying fees and costs; his siblings have signed the complaint but have not paid the filing fee or filed applications to proceed without paying the filing fee.  As a non-attorney pro se litigant, Goldberg may not represent his siblings or his deceased father in federal court.  *See* 28 U.S.C. § 1654 (in United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) ("a non-attorney . . . may not engage in the practice of law on behalf of others").

Plaintiffs' case is also subject to dismissal for failure to state a claim against any of the four named Defendants.  The allegations against Judge Robert Dierker are barred by the doctrine of judicial immunity, which provides that a judicial officer exercising the authority vested in him is free to act upon his own convictions and be immune from suit.  *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020).  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  It applies even if a judge is accused of acting maliciously or corruptly.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

The Circuit Court for the City of St. Louis is likewise immune to suit.  State courts are protected from 42 U.S.C. § 1983 liability by the Eleventh Amendment.  *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987); *see also Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) ("courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment").

Plaintiffs fail to state a claim against the City of St. Louis.  To prevail on a § 1983 claim against a governmental entity under *Monell*,[3] a plaintiff must establish the entity's liability for the alleged conduct.  *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).  Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy,

---

[3] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

(2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").  Plaintiffs have not alleged liability based on a municipal policy, unofficial custom, or failure to train, and so have failed to state a claim against the City.

And Plaintiffs also fail to state a claim against the State of Missouri.  "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017).

## Conclusion

Plaintiffs' claims are barred by the statute of limitations, and the Complaint fails to state a claim against any Defendant.  Moreover, Duncan Abraham Goldberg cannot represent his siblings and deceased father in federal court.  Therefore, this case is dismissed.  28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Duncan Abraham Goldberg's application to proceed in the district court without prepaying fees or costs is **GRANTED**.  Doc. [2].

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiffs' claims are **DISMISSED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiffs' motion for appointment of counsel is **DENIED** as moot.  Doc. [3].

An order of dismissal accompanies this Memorandum and Order.

Dated this 21st day of April, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE